UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES HINKLEY,<br><br>                    Plaintiff,<br><br>   vs.<br><br>SGT KIRK JESSEE, ROD SHUMATE, RON KNIGHT, (UNKNOWN) ANSORGE, (UNKNOWN) SHATTO, and (UNKNOWN) ALLEN,<br><br>                    Defendants. | NO:  4:14-CV-5117-TOR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT IN PART, TERMINATING DEFENDANT BERNARD WARNER, STRIKING EXTRANEOUS EXHIBITS, AND DIRECTING PLAINTIFF TO SUPPLY SERVICE DOCUMENTS FOR REMAINING DEFENDANTS<br><br>***ACTION REQUIRED*** |

**BEFORE THE COURT** is Magistrate Judge Hutton's Report and Recommendation to Dismiss Complaint in Part, to Terminate Bernard Warner, and to Strike Extraneous Exhibits (ECF No. 18).  Plaintiff, a prisoner at the Monroe Correctional Complex, is proceeding *pro se* and *in forma pauperis;* Defendants have not yet been served.

ORDER ADOPTING REPORT AND RECOMMENDATION -- 1

Plaintiff has filed three sets of Objections (ECF Nos. 20, 21 and 23) as well as "New Evidence" (ECF No. 22).  None of his objections addresses the recommendation that Defendant Bernard Warner be dismissed from this action.

Plaintiff does challenge the recommendation that extraneous exhibits be stricken (ECF Nos. 20 and 23).  He contends that the "mass evidence is to establish a patter[n]" showing that that he is not the only inmate subjected to the same behavior.   He contends that the "evidence" is meant to demonstrate the need for injunctive relief.  The Court will address that contention in a separate Order.

Once again, as an inmate proceeding *pro se* Plaintiff may not present claims on behalf of others.  The actions of Defendants toward others are not relevant to whether Plaintiff has stated a claim that these Defendants retaliated against him in 2013 for engaging in constitutionally protected behavior.

Therefore, **IT IS ORDERED** the Report and Recommendation is **ADOPTED in its entirety.  IT IS ORDERED** that Defendant Bernard Warner is **DISMISSED** and the District Court Executive shall **TERMINATE** Defendant Bernard Warner from this action and **REMOVE** his name from the caption of the complaint.

**IT IS ORDERED** that Plaintiff's claims on behalf of other inmates are **DISMISSED** and paragraphs 77-87 of the filed Complaint (ECF No. 16 at 16-17), are **STRICKEN.**  Defendants will not be required to respond to these claims.  **IT**

1  **IS FURTHER ORDERED** that Plaintiff's extraneous exhibits[1] and the "exhibits"

2  which are unrelated to the claims of retaliation against Defendants Jessee,

---

[1] ECF No. 16-1 at 28-29 (Affidavit regarding inmate Alvares); at 30 (Affidavit regarding searches of other inmates' cells); at 31-32 (Affidavit of Adan Alvarez dated 8/1/14); at 50 (Affidavit of Matthew Jones dated 3/9/14); at 59-62 (Declarations of Jeremy Brown dated 4/14/13, 4/11/13 and 4/14/13); at 63 (Affidavit of James Hinkley regarding "targets" dated 3/9/14); at 70-72 (Declarations of Jeremy Brown dated 4/14/13, 4/14/13 and 4/11/13); at 73-74 (Affidavit of Christopher Olsen dated 4/7/13); at 77 (Statement of Matthew R. Jones dated 4/7/13); at 78 (Affidavit of Steven Leonard dated 4/8/13); at 79-82 (Declaration/Affidavit of Ryan G. Clark dated 4/8/13); at 83-84 (Declaration of Jesus Padilla Kzano dated 2/23/13); at 85-86 (Affidavit of Joel M. Zellmer dated 4/8/13); at 89-90 (Declaration of Jamie Wallin dated 2/26/13); at 91-92 (Declaration of Ryan Clark dated 2/26/13); at 93 (Declaration of Matthew R. Jones dated 2/26/13); at 96-97 (Affidavit of Jeremy Brown dated 5/27/13); ECF No. 16-2 at 112-113 (Offender Kites of Jeremy Brown dated 4/22/13 and 5/12/13); ECF No. 16-3 at 171-193 (Other Inmates' Grievances); and ECF No. 10 (Affidavit of Joshua Gillian).

Shumate, Knight, Ansorge, Shatto and Allen[2] are **STRICKEN.** In summary, the exhibits contained on the following pages shall be stricken: pages 25-32, 50, 59-63, 70-74, and 77-97 (ECF No. 16-1); 98-104 and 112-113(ECF No. 16-2); and pages 171-218 (ECF No. 16-3, in its entirety). The Affidavit of Joshua Gillian (ECF No. 10) shall also be stricken.

Liberally construing Plaintiff's allegations of retaliation against Defendants Jessee, Shumate, Knight, Ansorge, Shatto and Allen, at the Washington State Penitentiary, the Court finds that it is appropriate to require these Defendants to respond to the remaining claims contained in the 24 page Complaint. 42 U.S.C. § 1997e(g)(2). The relevant accompanying exhibits are found at pages 33-49, 51-58, 64-69, and 75-76 (ECF No. 16-1) and pages 105-111, and 114-170 (ECF No. 16-2), and can be accessed by Defendants electronically at a later time.

---

[2] ECF No. 16-1 at 87-88 (Affidavit of James Hinkley regarding Grievance Coordinator Young, dated 3/1/14); at 94-95 (Affidavit of James Hinkley regarding Grievance Process dated 2/24/13); ECF No. 16-2 at 100-101 (Additional Request to by pass Grievance Process and seek help from the court now, dated 5/23/13); at 102-104 (Inter-Departmental Memorandums from Grievance Coordinator L. Young dated 4/8/13 and 4/11/13); ECF No. 16-3 at 194-218 (Additional Grievances by James Hinkley).

ORDER ADOPTING REPORT AND RECOMMENDATION -- 4

**DIRECTIVE TO SUPPLY DOCUMENTS FOR SERVICE**

At this time, **IT IS ORDERED:**

(1)     The District Court Executive shall send Plaintiff a service packet including a copy of the 24 page Complaint (ECF No. 16), this Order, summons forms for each of the six remaining Defendants and sufficient U.S. Marshal Instruction forms (USM-285) for each of the remaining Defendants.

(2)     Plaintiff must complete and return the service packet to the District Court Executive within twenty one (21) days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3)     Plaintiff shall return the following documents to the District Court Executive/Clerk, U.S. District Court, Eastern District of Washington, P.O. Box 1493, Spokane, WA 99210:

>     (a)    A copy of the Complaint (24 pages) for **each** Defendant to be served, plus one copy for the Washington State Attorney General. A copy of the Complaint is enclosed for Plaintiff to make the necessary number of copies;
>
>     (b)    An original summons, plus one copy of the summons for **each** Defendant to be served.  Original summonses (6) are enclosed for Plaintiff to complete and make the necessary copies; and

(c) A separate United States Marshal Instruction Form 285 for **each** Defendant to be served (only one Defendant can be named on each Form 285 and Plaintiff must provide a mailing address and a complete street address where each Defendant can be personally served if necessary).

FAILURE TO COMPLY WITH THESE INSTRUCTIONS WITHIN **TWENTY ONE (21) DAYS** WILL RESULT IN DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE.

(4) The Clerk of Court shall notify the Court when Plaintiff has supplied the required documents.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward a copy to Plaintiff and **SET A CASE MANAGEMENT DEADLINE ACCORDINGLY.**

**DATED** March 20, 2015.



s/ Thomas O. Rice<br/>THOMAS O. RICE<br/>United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION -- 6