UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES HINKLEY,<br><br>                    Plaintiff,<br><br>   vs.<br><br>SGT KIRK JESSEE, ROD SHUMATE, RON KNIGHT, (UNKNOWN) ANSORGE, (UNKNOWN) SHATTO, and (UNKNOWN) ALLEN,<br><br>                    Defendants. | NO: 4:14-CV-5117-TOR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND AFFIRMING ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL |

**BEFORE THE COURT** is Magistrate Judge Hutton's Report and Recommendation to Deny Motions for Temporary Restraining Order and Preliminary Injunction (ECF No. 19). Plaintiff, a prisoner at the Monroe Correctional Complex, is proceeding *pro se* and *in forma pauperis;* Defendants have not yet been served.

Plaintiff has filed three sets of Objections (ECF Nos. 20, 21 and 23) as well as "New Evidence" (ECF No. 22). Plaintiff's complaint is based on claims of

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 1

retaliation against Defendants Jessee, Shumate, Knight, Ansorge, Shatto and Allen, arising in the Spring and Summer of 2013. Plaintiff has failed to allege any facts from which the Court could infer a causal link between his protected activities in 2013 and actions allegedly taken against Plaintiff by persons who are not Defendants to this action.

Plaintiff seeks broad injunctive relief. He asks this Court to "stop 1- all retaliation for using legal remedies/grievances[;] 2- all abusive cell searches that violate policy[; and] all targeting of inmates staff don't like.[1]" (ECF No. 23 at 2). Once again, Plaintiff's concerns are speculative. He has made no showing that he is in danger of being subjected to anything in violation of his federally protected rights, which would warrant the extraordinary remedy of a temporary restraining order or preliminary injunction at this time. 18 U.S.C. § 3626(a)(1)(A).

---

[1] During the drafting of this Order, the Court received notice that Plaintiff has been moved to the Minimum Security Unit of the Monroe Correctional Complex. Any claim for injunctive relief at the Washington State Penitentiary would be **Error! Main Document Only.**rendered moot by his transfer out of that facility. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (stating that an inmate's transfer from an institution while his claims are pending will generally moot any claims for injunctive relief relating to the prison's policies).

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 2

In his document titled, "New Evidence for TRO, Preliminary Injunction and Motion to Appoint Counsel, Request for Court Action" (ECF No. 22), Plaintiff asserts that in December 2014, he was fired from his kitchen job and, along with four other inmates, was infracted for stealing food. Plaintiff complains that Sgt. Bellinger informed Plaintiff that he could never work in the kitchen again. Plaintiff contends that the other involved inmates received only a one to two year ban.

Plaintiff's assertion that Sgt. Bellinger banned him "because staff resent [Plaintiff] for using [his] legal remedy to grieve there [sic] buddies," is unsupported by any factual allegations. Plaintiff presents nothing, apart from his bare conclusions, linking this alleged ban by Sgt. Bellinger to his prior protected activities against Defendants named in this action. Whether Plaintiff will actually be banned from working in the kitchen longer than other inmates is too speculative to address at this time. Plaintiff has already indicated that other initial decisions (i.e. permission to file for a hobby permit) have been altered. This claim is premature.

In any event, a prisoner must complete the administrative review process in accordance with the applicable rules, prior to submitting his complaint. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Under *Woodford,* there must be proper exhaustion, which means following the steps set out in the grievance procedure. *Id*. A claim of

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 3

1  retaliation is not a bootstrap to bring in any incident occurring after the filing of a
2  Complaint.

3  Having reviewed the record and Plaintiff's latest submissions, **IT IS
4  ORDERED** the Report and Recommendation (ECF No. 19) is **ADOPTED in its
5  entirety** and the Motions for Temporary Restraining Order (ECF No. 4) and for
6  Preliminary Injunction (ECF No. 5) are **DENIED.**  If Plaintiff believes that he has
7  been subjected to additional acts of retaliation, he is free to file a separate action
8  once he has exhausted all administrative remedies.

9  Plaintiff also appears to be attempting to "object" (ECF No. 21) to the Order
10 denying his motions for appointment of counsel.  The Court finds no exceptional
11 basis to modify that Order. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).
12 Therefore, **IT IS ORDERED** that the Order denying motions for appointment of
13 counsel (ECF No. 17) is **affirmed.**  The Court does not engage in investigatory
14 activities, and therefore, declines Plaintiff's request to conduct an independent
15 investigation.

16 **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
17 Order and forward a copy to Plaintiff.

18 **DATED** March 20, 2015.



                    THOMAS O. RICE
                    United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 4